# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4496 | **DATE** | 10/27/10 |
| **CASE TITLE** | Fleece vs. Volvo Construction Equip. N. Am. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss Count II of plaintiff's complaint [21] is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Timothy J. Fleece's complaint alleges claims of strict product liability, breach of implied warranty of merchantability, and negligence. Defendant Volvo Construction Equipment North America has moved to dismiss plaintiff's breach of implied warranty claim in Count II for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is denied.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *See Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 3410 (2010). Plaintiff's complaint alleges that on October 15, 2008, plaintiff was supervising the excavation of a trench for the installation of a water main on the property of the Department of Transportation of Lake County, Illinois. At that time, the workers were using an excavator that had been designed, manufactured, and sold by defendant, and purchased by the Lake County Department of Transportation. According to the complaint, the excavator bucket fell off the excavator and struck plaintiff, injuring him.

A Rule 12(b)(6) motion "must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). A court may also consider documents attached to a motion to dismiss, even if they were not attached to the complaint, "if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Conversely, "documents that are neither included in the plaintiff's complaint nor central to the claim should not be considered on a motion to dismiss." *Id.* If such documents are not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This requirement is mandatory. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

|STATEMENT|
|---|

Both defendant's motion and plaintiff's response rely on information that is not contained in the complaint. Defendant argues that plaintiff's breach of implied warranty of merchantability claim should be dismissed because a written warranty disclaims any implied warranty. Defendant attaches to its motion to dismiss a copy of what it contends is the applicable limited warranty. The warranty was not attached to the complaint, however, and plaintiff did not refer to it in his complaint. Moreover, while the warranty may be central to defendant's defense, it is not central to plaintiff's claims. The parties' discussions in their briefing of plaintiff's employment status and how that status might affect the application of the limited warranty, also rely on matters that are not alleged in the complaint.

In order to consider this information, the Court would be required to convert defendant's motion to dismiss to a motion for summary judgment and order rebriefing in accordance with the requirements of Rule 56. The Court declines to do so, given the early stage of this litigation, and based on the Court's ordinary practice of entertaining only a single motion for summary judgment in a case. The matters outside the complaint that have been presented are excluded, and the motion to dismiss is denied.

*George W. Lindberg*