# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. FLEECE, | ) | |
| | ) | |
| Plaintiff, | ) | 10 CV 4496 |
| v. | ) | |
| | ) | |
| VOLVO CONSTRUCTION | ) | Magistrate Judge Young B. Kim |
| EQUIPMENT NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | April 4, 2011 |

## MEMORANDUM OPINION and ORDER

In this product liability and negligence lawsuit brought pursuant to this court's diversity jurisdiction, Timothy Fleece claims that he was injured by an excavator which was designed, manufactured, and sold by Volvo Construction Equipment North America ("Volvo NA"). Volvo NA has certified that it did not manufacture the excavator and has moved to dismiss the strict liability claim (count one) pursuant to 735 ILCS § 5/2-621. For the following reasons, the motion is granted:

### Background

Fleece filed his original complaint in Illinois state court on June 16, 2010, bringing claims for strict liability, breach of warranty, and negligence. (R. 1, Ex. A.) According to the complaint, on October 15, 2008, Fleece was supervising the excavation of a trench on the property of the Lake County Department of Transportation when the excavator's bucket became disengaged from its lift arm and struck him in the leg. (Id. Ex. A ¶¶ 6-8.) Fleece alleges that as a result of the accident he has sustained "lifelong impairment and

disfigurement." (Id. ¶ 8.) Fleece further alleges that Volvo NA designed, manufactured, and sold the excavator, which, according to the complaint, had a "defective and unreasonably dangerous design." (Id. ¶¶ 4-5.)

On July 20, 2010, Volvo NA removed the case to this court based on diversity jurisdiction. (R. 1.) After Volvo NA moved unsuccessfully to dismiss the breach-of-warranty claim, (*see* R. 28), in October 2010 the parties consented to the jurisdiction of the magistrate judge, *see* 28 U.S.C. § 636(c); (R. 29).

On February 28, 2011, Volvo NA filed the current motion to dismiss Fleece's strict-liability claim. (R. 39.) In support of its motion, Volvo NA submitted the affidavit of John Bartz, its Director of Product Assurance and Regulation. (R. 41.) Through this affidavit, Bartz certifies that Volvo NA did not manufacture or "exercise control over the design or manufacture" of the excavator or the quick coupler mechanism identified in Fleece's complaint. (Id. ¶¶ 4, 6, 10, 12.) Bartz identifies Volvo Construction Equipment Korea, Ltd. ("Volvo Korea") as the manufacturer of the excavator and Volvo Compact Excavators, S.A. ("Volvo France") as the manufacturer of the quick coupler. (Id. ¶¶ 5,11.) Fleece does not dispute the accuracy of Bartz's affidavit.

**Analysis**

Volvo NA seeks to dismiss count one—the strict-liability claim—under 735 ILCS § 5/2-621.[1] Section 2-621 of the Illinois code provides a "seller's exception" to the general

---

[1] Volvo NA cites to Federal Rule of Civil Procedure 12(b)(6) as a basis for dismissal, but the source of the relief sought is 735 ILCS 5/2-621. Because the Illinois statute applies in a

2

Illinois tort law principle that "all entities in the distributive chain of an allegedly defective product are subject to liability." *Cherry v. Siemans Med. Sys., Inc.*, 565 N.E.2d 215, 218 (Ill. App. Ct. 1990). The purpose of the seller's exception is to allow a non-manufacturing defendant to "exempt himself from the cause of action at an earlier stage, thereby incurring less expense than if he were required to litigate the matter." *Id.* Under the seller's exception, "any non-manufacturing defendant who has not contributed to the alleged defect is entitled automatically to dismissal." *Laroe v. Cassens & Sons, Inc.*, 472 F.Supp.2d 1041, 1045 (S.D. Ill. 2006). The statute instructs non-manufacturing defendants in strict-liability cases to "file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury." 735 ILCS § 5/2-621(a). That certification triggers the plaintiff's obligation to exercise due diligence "in filing an action and obtaining jurisdiction over the manufacturer." *Id.* § 5/2-621(b). Once the plaintiff has sued the manufacturers and their time to answer or otherwise plead has passed, dismissal of the certifying non-manufacturer is mandatory. *Id.*; *Lamkin v. Towner*, 563 N.E.2d 449, 459 (Ill. 1990). But the dismissal is not final until the case concludes. *Scheinman v. BMW of N. Am., LLC*, 10 CV 4848, 2010 WL 3937489, at *3 (N.D. Ill. Sept. 30, 2010). "The statute allows a plaintiff to move 'at any time' to reinstate a dismissed defendant upon a showing that an action against the manufacturer is time-barred, the manufacturer was incorrectly identified, the manufacturer

---

diversity suit in federal court and provides stand–alone authority for dismissal, reference to Rule 12(b)(6) is superfluous. *See Keast v. Tenneco Equip. Corp.*, No. 95 CV 50347, 1996 WL 607002, at *1 n.1 (N.D. Ill. Oct. 21, 1996).

3

is not subject to the court's jurisdiction, or the manufacturer cannot satisfy a judgment or settlement." *Id.* (quoting 735 ILCS § 5/2-621(b)).

Having certified that Volvo Korea and Volvo France are the manufacturers of the products accused in this suit, Volvo NA argues that it is entitled to automatic dismissal under § 2-621. The large majority of Fleece's response is directed to policy arguments under common-law strict-liability principles. For example, Fleece argues that Volvo NA should not be able to benefit from marketing and selling a defective excavator without incurring liability for its defects. (R. 42, Resp. at 6.) But Fleece's analysis of general tort principles has no bearing on the appropriateness of dismissal under § 2-621. For the court to accept Fleece's argument that the motion should be denied because dismissing a non-manufacturer is unfair would be to write the seller's exception off the books.

The only argument Fleece makes regarding § 2-621 is that the procedural requirements for dismissal have not been met here because he has not yet sued the identified manufacturers. (R. 42, Resp. at 3.) Fleece is correct that dismissal is automatic under the statute "[o]nce the plaintiff has filed a complaint against the manufacturer . . . and the manufacturer . . . have or are required to have answered or otherwise pleaded." 735 ILCS § 5/2-621(b). But as this court has recognized, to rest dismissal on the plaintiff fulfilling its obligation to sue the manufacturer with due diligence would create "a potentially disagreeable situation" by putting the defendants "at plaintiff's mercy in qualifying for dismissal." *Dehmlow v. Austin Fireworks, Inc.*, 90 CV 4666, 1993 WL 217256, at *2 (N.D. Ill. N.D. Ill. 1993). Thus numerous courts applying the statute have granted dismissal

even where the manufacturer has not yet been served, making dismissal technically premature. *Cherry*, 565 N.E.2d at 218; *In re: Yasmin & Yaz Marketing, Sales Practices & Prods. Liability Litigation*, 692 F.Supp.2d 1012, 1021 n.7 (S.D. Ill. 2010); *Dehmlow*, 1993 WL 217256, at *2; *but see Williams v. American Equip. & Fabricating Corp.*, 09 CV 1168, 2009 WL 5126682, at *2-*3 (C.D. Ill. Dec. 18, 2009) (declining to dismiss strict liability count where manufacturer identified but not yet sued). As the *Cherry* court recognized, once the plaintiff has ascertained the manufacturer's identity, dismissal before the manufacturer is served is "of little consequence." 565 N.E.2d at 218. Accordingly, this court grants Volvo NA's motion to dismiss count one. But to adhere to the statute's procedural format, and in accordance with Volvo NA's request, (*see* R. 42, Reply at 2.), the court will stay formal dismissal of count one until Fleece has served Volvo Korea and Volvo France and the time for them to file responsive pleadings has passed.

## Conclusion

For the foregoing reasons, Volvo NA's motion to dismiss count one is granted. As requested, the court stays formal dismissal of count one against Volvo NA until Fleece serves the manufacturers and the time for them to file a responsive pleading has passed.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**