Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4496 | **DATE** | August 1, 2011 |
| **CASE TITLE** | Fleece vs. Volvo Construction Equipment North America | | |

**DOCKET ENTRY TEXT**

Third-Party Defendant County of Lake's motion to strike the ad damnum clause of the third-party complaint for contribution [57] is granted. Third-Party Plaintiff Volvo Construction Equipment North America ("Volvo America") is ordered to file an amended third-party complaint consistent with this order by no later than August 12, 2011. County of Lake then has 21 days to file its responsive pleading to the amended third-party complaint. Also, Plaintiff is reminded that pursuant to Federal Rule of Civil Procedure 4(m), his amended complaint against Volvo Construction Equipment Korea, Ltd. and Volvo Compact Excavators, S.A. is subject to dismissal if service of summons is not effectuated by August 13, 2011. Plaintiff should either effectuate proper service on these defendants in a timely manner or demonstrate good cause and move for additional time to serve them.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Lake County's motion to strike is granted. On June 15, 2011, Volvo America filed a third-party action against Plaintiff's employer, Lake County, for contribution pursuant to the Illinois Contribution Act, 740 ILCS 100/2. Volvo America seeks, among other things, to have this court "enter judgment by way of contribution against LAKE COUNTY, ILLINOIS, in an amount commensurate with its pro rata share of liability." (R. 53 at 4.) On July 18, 2011, Lake County moved to strike this ad damnum clause, arguing that under the *Kotecki*-cap defense, its liability under the third-party complaint is limited to the amount of its liability under the Illinois Workers' Compensation Act. Lake County presented the motion on July 27, 2011. At the motion hearing, Volvo America did not disagree with Lake County's characterization of its maximum exposure in this case but argued that the motion to strike is premature because Lake County has not yet filed an answer asserting the *Kotecki*-cap defense. When the court asked Lake County whether Volvo America's ad damnum clause would be acceptable if Volvo America amended the clause and sought judgment against Lake County in an amount commensurate with its pro rata share of liability, but not to exceed its workers' compensation liability, Lake County took the position that the hypothetical clause would still be inconsistent with Illinois law.

Lake County's motion is not premature. Pursuant to Federal Rule of Civil Procedure 12(f), motions to strike are to be filed before responding to a pleading. As for the substance of Lake County's motion, the court agrees with Lake County that Volvo America's ad damnum clause is improper in its current form. However, the court disagrees with Lake County that Volvo America is barred from seeking contribution in an amount commensurate with its pro rata share of liability. In 1991, the Supreme Court of Illinois reconciled certain conflicts posed by the Illinois Contribution Act and the Illinois Workers' Compensation Act in cases where defendants brought third-party contribution actions against plaintiffs' employers. *See Kotecki v. Cyclops Welding Corp.*, 585 N.E.2d 1023 (1991). The *Kotecki* court held that defendants are permitted to maintain third-party actions against plaintiffs' employers for contribution but that they may only seek contribution in an amount not greater than the employers'

| STATEMENT |
|---|
| workers' compensation liability. *Id.* at 1028. However, neither the *Kotecki* court, nor any of the courts in the cases cited by Lake County, disturbed the proportionality of fault standard in the Illinois Contribution Act. Under *Kotecki*, if the employer's share of the general liability is less than the amount of its workers' compensation liability, the employer is held liable to the third-party plaintiff for the entire amount. However, if the employer's share of the general liability is greater than the amount of its workers' compensation liability, it is only required to contribute an amount equal to the workers' compensation liability. As such, if Volvo America added the phrase, "in an amount not greater than the workers' compensation liability" to its current ad damnum clause, the amended version would be consistent with Illinois law. |