UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. FLEECE, | ) |
| | ) Case No. 10 CV 4496 |
| Plaintiff, | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| VOLVO CONSTRUCTION | ) |
| EQUIPMENT KOREA, LTD., VOLVO | ) |
| COMPACT EXCAVATORS, S.A., | ) |
| VOLVO CONSTRUCTION | ) |
| EQUIPMENT NORTH AMERICA, | ) |
| LLC., | ) |
| | ) January 20, 2012 |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Timothy Fleece was supervising the excavation of a trench on October 15, 2008, when the excavator bucket that was attached to the excavator became disengaged and injured him in the left leg. In this product liability and negligence action, Fleece initially filed suit against Volvo Construction Equipment North America, LLC ("Volvo NA"), claiming that Volvo NA manufactured, sold, and/or distributed the construction equipment that allegedly caused his injury. Later, on April 15, 2011, after the statute of limitations had elapsed, Fleece amended his complaint to add product liability claims against Volvo Construction Equipment Korea, Ltd., ("Volvo Korea") and Volvo Compact Excavators, S.A., ("Volvo France"), alleging that those entities designed, manufactured, and/or sold the excavator and quick coupler bucket, respectively, that caused his injury. Volvo Korea and Volvo France filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim

upon which relief can be granted," on the theory that the allegations of the complaint show that relief is barred by the applicable statute of limitations. For the following reasons, this court is unable to rule on the motion as styled, and gives notice that it will consider the issue raised by Volvo Korea and Volvo France under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d). The motion to dismiss pursuant to Rule 12(b)(6) is denied without prejudice.

**Procedural History**

Fleece filed his original complaint against Volvo NA in Illinois state court on June 16, 2010. Volvo NA removed the case to this court in July 2010 based on diversity jurisdiction. (R. 1.) On September 10, 2010, Volvo NA filed an answer and affirmative defenses to Fleece's complaint informing him that Volvo NA was not engaged in the business of manufacturing construction equipment, contrary to the allegations in the complaint. (R. 14, ¶ 3.) The next month, the parties consented to this court's jurisdiction, *see* 28 U.S.C. § 636(c). (R. 29).

In February 2011, Volvo NA moved to dismiss the strict liability claim pursuant to the "seller's exception" to Illinois tort law, codified at 735 Ill. Comp. Stat. 5/2-621(a) (1995), which entitles a non-manufacturing defendant to automatic dismissal if it "file[s] an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury." Volvo NA certified that Volvo Korea and Volvo France had manufactured the equipment at issue. Thus, this court granted Volvo NA's motion to dismiss the strict liability claim, but

stayed formal dismissal until Fleece served the manufacturers and the time for them to file a responsive pleading has passed. (R. 45.) This court has not yet entered that formal dismissal.

On April 15, 2011, less than two weeks after this court ruled on Volvo NA's motion, Fleece amended his complaint to allege that Volvo Korea and Volvo France, the manufacturers of the equipment that allegedly injured him, were strictly liable for his injuries. (R. 46.) Volvo Korea and Volvo France (together "the manufacturers") seek to dismiss the strict liability claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the claims are untimely.

**Analysis**

The parties agree that Illinois's two-year statute of limitations for personal injuries applies to Fleece's claim, and further agree that Fleece filed the April 15, 2011 amended complaint more than two years after the October 15, 2008 accident. According to the manufacturers, because two years elapsed before Fleece filed his amended complaint, there is no set of facts that will entitle him to relief, and the claim should therefore be dismissed pursuant to Rule 12(b)(6). Fleece responds that his amended complaint is not time-barred because it meets the standards for relation back under 735 Ill. Comp. Stat. 5/2-616(d) (2002) and Federal Rule of Civil Procedure 15(c).

As an initial matter, this court must decide which source of relation-back law governs: Federal Rule of Civil Procedure 15(c) and/or Illinois law. The manufacturers argue that Federal Rule of Civil Procedure 15(c) controls because it is a procedural rule that fully addresses the relation-back of amendments, thus rendering Illinois relation-back law irrelevant. In support, the manufacturers cite cases arising under federal question jurisdiction or cases decided before Congress adopted the 1991 amendment to Rule 15. The 1991 amendment to Rule 15, codified at Rule 15(c)(1)(A), states that for statute of limitations purposes, an amendment to a pleading relates back to the date of the original pleading when "relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1)(A). The Advisory Committee's comments state that this amendment was adopted "to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." Fed. R. Civ. P. 15(c) Advisory Committee notes (1991 Amendment). The Advisory Committee notes further state that "if federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which it sits." *Id.* Thus, Fleece's amended complaint is timely under Rule 15(c)(1) if it meets the requirements of either federal or Illinois law. *See Arendt v. Vetta Sports*, *Inc.*, 99 F.3d 231, 236, n.3 (7th Cir. 1996) (finding that an amended complaint filed in an diversity action arising under Illinois law is "timely under Rule 15(c)(1) if it meets the requirements of either federal or Illinois law."); *see also Morel v. DaimlerChrysler AG*, 565 F.3d 20, 25-26 (1st Cir. 2009) ("[Rule 15(c)(1)(A)] cements in

4

place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not."). The manufacturers' cases suggesting the contrary predate the 1991 Amendment and are thus unpersuasive.

This court begins its relation-back analysis with 735 Ill. Comp. Stat. 5/2-616(d) (2002), the Illinois statute pertaining to amendments. That statute provides that a claim asserted against a new defendant after the limitations period has passed will relate back to the original pleading if all of the following conditions are met:

> (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading . . . .

735 Ill. Comp. Stat. 5/2-616(d) (2002). According to Illinois courts, in order to benefit from this relation-back provision, the plaintiff must show that: (1) the original complaint was timely filed; (2) the failure to join the new defendant was inadvertent; (3) service was in fact had upon the new defendant; (4) the new defendant knew the action was pending and grew out of an occurrence involving it before the limitations period expired; and (5) the cause of action asserted in the amended complaint grew out of the same transaction or occurrence set

5

forth in the original complaint. *Behr v. Club Med, Inc.*, 546 N.E.2d 751, 754 (Ill. App. Ct., 1st Dist. 1989); *Tatara v. Peterson Diving Serv.,* 670 N.E.2d 789, 794 (Ill. App. Ct., 1st Dist. 1996).

Though Fleece has the burden to prove that the amended complaint relates back under Illinois law, *see Tatara*, 670 N.E.2d at 794, his brief does not unequivocally state that he inadvertently failed to join the manufacturers before the limitations period elapsed. Rather, he claims that he made a "mistake having to do with naming" the right entity, and suggests that regardless of any knowledge he might have had, Volvo NA had a burden to notify him of the appropriate defendant at some earlier stage of the litigation. (R. 84, Pl's Br., at 3, 9.) But to benefit from Section 2-616(d), a plaintiff must show that the mistake in failing to name the new defendant was "inadvertent," meaning "excusable ignorance . . . and it does not include the failure to act appropriately when the defendant's true identity is known by the plaintiff." *Tatara*, 670 N.E.2d at 794 (citations omitted). "When a plaintiff is aware of the identity of a defendant before the period of limitation has run, but does not seek to add that defendant to her complaint until after the statute has run, failure to join that defendant is not inadvertent." *Plooy v. Paryani,* 657 N.E.2d 12, 20 (Ill. App. Ct., 1st Dist. 1995).

Here, the manufacturers claim that Fleece was well-aware that they had manufactured the equipment at issue, but purposefully chose not to sue them—as a strategic tactic or out

of convenience—before the statute of limitations had elapsed.[1] To prove that Fleece had knowledge of their identity before the statute ran, the manufacturers cited to, and provided the court with copies of, the following: (1) photographs of the identification tags from the excavator and quick coupler showing Volvo Korea and Volvo France as the equipment manufacturers, taken by Fleece's expert in April 2009, over a year before the statute of limitations expired; (2) a letter from Fleece's counsel confirming that the photos were taken by Fleece's expert in April 2009; (3) Fleece's settlement demand further confirming that the photographs were taken at Fleece's behest in April 2009; (4) a copy of the first page of the excavator's operator's manual, that prominently shows that it was manufactured by Volvo Korea; and (5) Volvo NA's answer, filed before that statute of limitations ran, denying that it was in the business of manufacturing construction equipment. (R. 85, Def.'s Reply, at 6-7.) While these documents are probative of Fleece's knowledge of the manufacturers' identities before the statute of limitations had elapsed, this court cannot consider them on a Rule 12(b)(6) motion. According to Rule 12(d) of the Federal Rules of Civil Procedure, "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that

---

[1] The manufacturers do not address whether plaintiff can meet his burden under the prong relating to their knowledge that "the action was pending and grew out of an occurrence involving it before the limitations period expired." *See Behr v. Club Med, Inc.*, 546 N.E.2d at 754.

is pertinent to the motion."[2] *See also Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (internal citations omitted) ("Rule 12[] requires that if the district court . . . consider[s] material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit . . . forms of proof.") Rule 12's "requirement of 'a reasonable opportunity to submit affidavits and extraneous proofs' is mandatory, not discretionary." *Edward Gray Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 94 F.3d 363, 366 (7th Cir. 1996) (citing Fed. R. Civ. P. 12). And it applies to photographs, such as those submitted by the manufacturers. *See Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000) ("By the plain language of [Rule 12], when the defendants submitted photographs . . . the district court was obligated to either not consider the extraneous submissions in ruling on the motion or to convert the motion to one for summary judgment."). Because this court does not wish to exclude the materials submitted by the manufacturers, it must address issue raised by the

---

[2] The manufacturers' motion to dismiss on statute of limitations grounds should have been submitted as a Rule 12(c) motion as opposed to a Rule 12(b)(6) motion. The Seventh Circuit has signaled that technically, "when a complaint shows that the time for litigation has passed, judgment on the pleadings may be entered under Fed.R.Civ.P. 12(c)," rather than under Rule 12(b)(6), and, in fact, "should" be. *See Leavell v. Kieffer*, 189 F.3d 492, 494-95 (7th Cir. 1999); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (noting that a court might evaluate a Rule 12(b)(6) motion to dismiss on statute of limitations grounds "as a motion for judgment on the pleadings under Rule 12(c)." Regardless, "the practical effect is the same," *id.*, and Rule 12(d) requires this court to convert the motion, whether it is a Rule 12(b)(6) or Rule 12(c) motion, to a Rule 56 motion because of the manufacturers' submission of documents outside the pleadings.

manufacturers in their Rule 12(b)(6) motion under Rule 56 and provide each party notice and an opportunity to submit additional material pertinent to the limitations issue.

The analysis under Federal Rule of Civil Procedure 15(c)(1)(C) is largely the same. Rule 15(c)(1)(C) allows an amended complaint against a newly named defendant to relate back to the original complaint if the following requirements are met: (1) the amendment asserts a claim arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" and (2) "within the period provided by Rule 4(m) for serving the summons and complaint," the newly added defendant received "notice of the action that it will not be prejudiced in defending on the merits"; and (3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B) and (C).

Fleece maintains that his amended complaint relates back under Rule 15(c)(1)(C), though he does not unambiguously state that he misunderstood or otherwise mistook the identities of Volvo NA, Volvo Korea, and/or Volvo France. Rather, Fleece argues that his decision not to sue Volvo Korea and Volvo France was "reasonable" due to statements on Volvo NA's website and information provided by the Illinois Secretary of State. ( R. 84, Pl.'s Br. at 11-12.) Fleece further suggests that regardless of any knowledge he might have had, Volvo NA ought to have more clearly explained its relationship to the manufacturers. Id. at 13. In blaming the defendants for his failure to sue initially Volvo Korea and Volvo France, Fleece appears to ignore *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590. 596 (7th Cir.

2006), which states that "[i]t is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires." Moreover, the manufacturers reply that Fleece cannot meet the third requirement of Federal Rule 15(c)(1)(C) because Fleece did not make "a mistake concerning the proper party's identity," but rather made a deliberate choice not to sue them before the limitations period ran. True, the Supreme Court has explained that a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity" for relation-back purposes under Rule 15(c)(1)(C). *Krupski v. Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2494 (2010). Following *Krupski*, numerous lower courts have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant or to sue the new defendant before the limitations period expired. *See Asten v. City of Boulder,* No. 08-CV-00845-PAB-MEH, 2010 WL 5464298, at *6 (D.Colo. Sept. 28, 2010); *see e.g. Lelieve v. Orosa*, No. 10-23677-CIV, 2011 WL 5103949, at *4 (S.D.Fla. Oct. 27, 2011). The manufacturers have tried to establish Fleece's knowledge—his utter lack of mistake concerning their identities as manufacturers of the machinery in question—by submitting photographs and various documents, described above. Again, Rule 12(d) requires that if the district court does not exclude materials outside the pleadings that are presented to the court on a Rule 12(b)(6) or Rule 12(c) motion, it must treat the motion as one for

summary judgment and provide the parties with a reasonable opportunity to present all the material that is pertinent to the motion.

## Conclusion

Having reviewed the briefs submitted by the parties, this court concludes that it cannot decide the pending motion without consideration of the materials submitted by the manufacturers. Thus, under the circumstances, the court denies the manufacturers' Rule 12(b)(6) motion without prejudice and hereby gives notice that it will consider the issue raised by the manufacturers in the instant motion once framed under Federal Rule of Civil Procedure 56.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**